IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RENEE A. WULF, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| DIXON CONSTRUCTION CO., INC. | ) | |
| and JOSEPH LEEKLEY, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Renee Wulf alleges as follows:

## PARTIES

1. Renee A. Wulf was at all times relevant herein a citizen and resident of Washington County, Nebraska.

2. Defendant Dixon Construction Co., Inc. is a corporation organized under and by virtue of the laws of the State of Iowa, with its principal place of business in Correctionville, Iowa.

3. Defendant Joseph Leekley is and was at all times hereto an employee of Dixon Construction Co., Inc. and is an Iowa resident.

## JURISDICTION AND VENUE

4. Plaintiff incorporates paragraphs 1 through 3 as if set forth fully herein.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a) (1). The matter in controversy exceeds the sum of seventy five thousand dollars ($75,000) exclusive of interests and costs, and is between citizens of different states.

6. Venue is proper in the District of Nebraska, pursuant to 28 U.S.C. § 1391 (b) (2) as a substantial part of the events or omissions giving rise to the claim occurred within the District.

## BACKGROUND AND FACTS

7. Plaintiff incorporates paragraphs 1 through 6 as if set forth fully herein.

8. At all times relevant herein, the Defendant Dixon Construction Co., Inc. operated commercial vehicles engaged in interstate commerce. As part of this business, the Defendant Dixon Construction Co., Inc. owned a 2008 Peterbilt tractor with a VIN no. of 1XPWDBEX98 and a 2010 Trail King Low Boy semi-trailer with a VIN number of 1TKJ05337AM041509.

9. At all times relevant herein, the Defendant Leekley operated the commercial vehicle listed above and was employed by the Defendant Dixon Construction Co., Inc. as a truck driver otherwise in control of the 2008 Peterbilt tractor and 2010 Trail King trailer.

10. On or about May 1, 2012, the Defendant Leekley operated the above tractor trailer unit with the consent of the owner, Defendant Dixon Construction Co., Inc. and operated the tractor trailer unit under the Defendant Dixon Construction Co., Inc's operating authority granted to them by the United States Department of Transportation.

11. That on or about May 1, 2012, the Defendant Leekley operated the above tractor trailer unit while in the scope and course of his employment with Defendant Dixon Construction Co., Inc.

12. That Defendant Leekley was traveling northbound on Highway 30 in Washington County, Nebraska.

13. That the Plaintiff, Renee Wulf, was operating her vehicle southbound on Highway 30.

14. On or about May 1, 2012, the trailer owned and operated by the Defendant Dixon Construction Co., Inc. exploded as it was being driven on Highway 30.

15. That the explosion caused a white hot piece of the brake drum to fly through the windshield of the Plaintiff's vehicle, striking her and causing the interior of her vehicle to become engulfed in flames.

## COUNT I - NEGLIGENCE (Leekley)

16. Plaintiff incorporates paragraphs 1 through 15 as if set forth fully herein.

17. 49 C.F.R. § 392.7 requires that any driver, prior to driving a commercial motor vehicle, shall ensure that various parts and accessories of the motor vehicle are in good working

order, including but not limited to the tires, brakes, wheels and rims. Additionally, 49 C.F.R. § 396.13 provides that before driving a motor vehicle, a driver should be satisfied that the motor vehicle is in safe operating condition. Defendant Leekley violated these provisions of the Code of Federal Regulations in that he chose not to conduct any pre-trip inspection or, alternatively, he chose to conduct an inadequate pre-trip inspection on the date of the collision that would have revealed the fact that a number of the wheel hub oil reservoirs were leaking oil and were below the minimum levels required for safety. Alternatively, Defendant Leekly knew of the above-mentioned defects and chose to deliberately ignore the defects and bypassed safety measures that would have prevented his operation of the trailer in order to continue on his trip.

18. 49 C.F.R. § 396.5 requires that every motor carrier shall ensure that each motor vehicle subject to its control is properly lubricated and free of oil and grease leaks. 49 C.F.R. § 396.7 requires that a motor vehicle shall not be operated in such a condition as to likely cause an accident or break-down of the vehicle. Immediately prior and for an unspecified time period before the trailer explosion, several of the wheel hub oil reservoirs were leaking lubrication oil, which would have placed the trailer out of service until such defect was repaired. Defendant Leekley chose to violate these provisions of the Code of Federal Regulations in that he chose not to conduct any pre-trip inspection, or alternatively, he chose to conduct an inadequate pre-trip inspection on the date of collision that would have revealed that several of the wheel hub oil reservoirs were defective. Alternatively, Defendant Leekley knew of the above-mentioned defects, deliberately ignored the defects and bypassed safety measures that would have prevented his operation of the trailer in order to continue his trip.

19. That as a direct and proximate result of the negligence and carelessness of the Defendant Leekley, in failing to follow the Federal Motor Carrier safety regulations in the operation of his commercial motor vehicle, the axle 6, right side brake drum and wheel assembly became overheated and exploded causing white hot metal to penetrate the windshield of Renee Wulf's vehicle, striking her and setting the interior of her vehicle aflame.

20. As a direct and proximate result of Defendant Leekley's negligence in the operation of his commercial motor vehicle, Renee Wulf sustained severe and permanent injuries to include cardiac and pulmonary contusions, sternal fracture, right sided pneumothorax, multiple rib fractures, liver laceration, left sided 5th metacarpal fracture, deep venous thrombosis of the

bilateral tibial and left peroneal veins, burns about the chest and right lower extremity of the 2nd and 3rd degrees requiring multiple debridement and grafting procedures, as well as multiple abrasions, lacerations and contusions about the face and body.

21. As a result of Defendant Leekley's negligence, Renee Wulf incurred loss of wages and wage earning ability, medical expenses, physical pain and mental suffering, all of which problems are continuing in nature, resulting in damage to her in an undetermined sum at this time.

### COUNT II - NEGLIGENCE (Respondeat Superior)

22. Plaintiff incorporates paragraphs 1 through 21 as if set forth fully herein.

23. Defendant, Joseph Leekley, was at all times relevant hereto, operating a tractor trailer under the authority and dispatch of Defendant Dixon Construction Co., Inc.

24. Defendant, Joseph Leekley, was at the time of the collision operating a tractor trailer in the course and scope of his employment with the Defendant Dixon Construction Co., Inc.

25. Defendant Dixon Construction Co., Inc. is liable under the doctrine of Respondeat Superior because an employer is vicariously liable for the torts of an employee committed within the course and scope of employment with the employer.

26. That as a direct and proximate result of the negligence and carelessness of the Defendant Leekley, the Plaintiff sustained severe and permanent injuries of mind and body including, but not limited to loss of wages and wage earning ability, medical expenses, physical pain and mental suffering, all of which problems are continuing in nature, resulting in damage to her in an undetermined sum at this time for which the Defendant Dixon Construction Co., Inc. is vicariously liable.

### COUNT III - NEGLIGENT MAINTENANCE (Dixon Construction)

27. Plaintiff incorporates paragraphs 1 through 26 as if set forth fully herein.

28. 49 C.F.R. § 396.3 requires that every motor carrier shall systematically inspect, repair and maintain or cause to be systematically inspected, repaired or maintained, all motor vehicles subject to its control. All parts and accessories shall be in safe and proper operating condition at all times. Those parts to be maintained include axles and attaching parts, wheels and rims.

29. 49 C.F.R. § 396.5. requires that every motor carrier shall ensure that each motor vehicle subject to its control is properly lubricated and free of oil and grease leaks.

30. Defendant chose not to maintain its trailer as required by 49 C.F.R. § 396.3 and 49 C.F.R. § 396.5. Had the Defendant Dixon Construction Co., Inc. systematically inspected and maintained its trailer pursuant to the federal regulations, the defects would have been discovered and the trailer would not have been allowed to operate. Alternatively, the Defendant Dixon Construction Co., Inc. knew of the existence of the violations and knowingly chose to operate the vehicle despite the risk to the public.

31. Furthermore, the Defendant Dixon Construction Co., Inc. maintenance violations coupled with the oversized load being carried on May 1, 2012, greatly increased the risks to the public.

32. 49 C.F.R. § 396.7 requires that both motor carriers and drivers shall not operate its vehicles in a condition likely to cause an accident or break-down. Immediately prior and for an unspecified time period before the trailer explosion, several of the wheel hub oil reservoirs were leaking lubrication oil, which would have placed the trailer out of service until such defect was repaired. As such, the Defendant Dixon Construction Co., Inc. should have foreseen that a wreck or breakdown would occur.

33. Defendant Dixon Construction Co., Inc. careless and negligent actions were a direct cause of the explosion of the number 6 wheel hub and assembly.

34. That as a direct and proximate result of the negligence and carelessness of the Defendant Dixon Construction Co., Inc., the Plaintiff sustained severe and permanent injuries of mind and body including, but not limited to loss of wages and wage earning ability, medical expenses, physical pain and mental suffering, all of which problems are continuing in nature, resulting in damage to her in an undetermined sum at this time for which the Defendant Dixon Construction Co., Inc. is liable

### COUNT IV - NEGLIGENT HIRING, TRAINING, RETENTION AND SUPERVISION (Dixon Construction)

35. Plaintiff incorporates paragraphs 1 through 34 as if set forth fully herein.

36. Defendant Dixon Construction Co., Inc. owed duties to the general public, including but not limited to:

(a) Adequately evaluating applicants before hiring them as truck drivers,
(b) Adequately training and supervising these drivers, and
(c) Adequately evaluating these employees job performance, so as to discharge any incompetent or negligent employee before he injured the public and/or its property.

37. Defendant Dixon Construction Co., Inc. breached these duties to the general public, including the Plaintiff, Renee Wulf, by its negligent and careless hiring, training, supervising, and retaining Defendant Leekley, who was unqualified, negligent and careless in his actions. As such, the Defendant Dixon Construction Co., Inc. should never have entrusted the truck and trailer to Defendant Leekley.

38. Defendant Dixon Construction Co., Inc.'s careless and negligent actions were a direct cause of the explosion and harm to Plaintiff, Renee Wulf.

39. That as a direct and proximate result of the negligence and carelessness of the Defendant Dixon Construction Co., Inc., the Plaintiff sustained severe and permanent injuries of mind and body including, but not limited to loss of wages and wage earning ability, medical expenses and physical pain and mental suffering, all of which problems are continuing in nature, resulting in damage to her in an undetermined sum at this time for which the Defendant Dixon Construction Co., Inc. is liable.

## DEMAND FOR JURY TRIAL

Plaintiff requests that all issues triable by jury be so tried in this case.

## PLACE OF TRIAL

Plaintiff requests that Omaha, Nebraska be designated as the place of trial.

WHEREFORE, Plaintiff demands judgment against Defendants herein for all of her damages, costs and interest as allowed by law and for such other relief as the Court deems just and proper.

Dated this 31st day of January, 2014.

RENEE A. WULF, Plaintiff

By: _____
Matthew G. Miller, #19092
Matthew G. Miller, P.C., L.L.O.
6910 Pacific Street, Suite 200
Omaha, Nebraska 68106
Phone: (402) 558-4900
Facsimile: (402) 558-4906
matt@mgmillerlaw.com
ATTORNEY FOR PLAINTIFF