IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RENEE A WULF,

            Plaintiff,

vs.

DIXON CONSTRUCTION CO., INC., JOSEPH LEEKLEY, SUMMIT TRUCK EQUIPMENT, LLC, AND TRAIL KING INDUSTRIES, Inc.;

            Defendants.

8:14CV34

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion to compel. (Filing No. 143). Plaintiff requests an order compelling Defendant Dixon to produce financial documents and tax returns. For the reasons stated below, the motion will be denied.

BACKGROUND

Plaintiff's complaint alleges a semi-tractor trailer owned by Defendant Dixon Construction Company (Dixon) "exploded" on the highway, and debris from that explosion hit her vehicle and caused serious personal injuries. (Filing No. 1 at CM/ECF p. 2). Plaintiff's complaint alleges negligence claims against Dixon and alleges Dixon failed to comply with multiple safety regulations that resulted in the trailer's explosion.

In discovery, Plaintiff requested production of documents from Dixon. Specific to this motion, she requested:

1. A list of all work contracts performed by Dixon from 2008 through 2013, including the party for whom the work was performed, the nature of the work, the dates of the work, and the money received by Dixon for each contract or job performed; and

2. Dixon's tax returns for the 2008 through 2013 tax years.

(Filing No. 145-1 at CM/ECF p. 2).

Dixon objected to these requests as not reasonably calculated to lead to the discovery of admissible evidence, and objected further that the requests sought to annoy, embarrass, and oppress Dixon, and cause it undue burden and expense. Plaintiff's motion to compel seeks an order requiring production.

ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In determining whether the requested discovery is warranted, the court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. The party resisting discovery typically bears the burden of explaining why discovery should be limited. Streck, Inc. v. Research & Diagnostic Sys., 250 F.R.D. 426, 436 (D. Neb. 2008). However the party seeking discovery "must make a threshold showing of relevance." Id.

Plaintiff argues the production of the requested documents would enable her to respond to Dixon's anticipated argument that it is a small, family-run business with one truck. Plaintiff claims Dixon will use this fact to garner support from the jury and sway the jury's decision on damages.

Plaintiff acknowledges Dixon's size and financial status are irrelevant to any argument that Dixon was negligent and/or failed to comply with federal safety regulations. (Filing No. 144 at CM/ECF p. 3). Punitive damages—for which financial information may be relevant—are not at issue in this case. Finally, Plaintiff has not cited and the court has not found any case law supporting Plaintiff's request for a personal

injury defendant's financial documents or tax returns under the circumstances presented and argued by Plaintiff. Simply stated, Plaintiff has failed to make a threshold showing that the requested documents are relevant; that Dixon's financial information is important in resolving the issues raised by the parties' pleadings.

To the extent that evidence of Dixon's financial status may help Plaintiff counter any juror sympathy afforded to Dixon as a small, family-run business, jury instructions prohibit consideration of such facts when making a determination of liability and damages. This court stands by the judicial process, including the presumption that jurors will comply with their oath and follow the instructions provided by the court.

As an alternative to granting her motion to compel, Plaintiff requests an order precluding Dixon from stating it is a small business at trial. The contours of this admissibility issue are best addressed by a motion in limine, not a motion to compel Dixon's financial information.[1]

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Compel, ([Filing No. 143](#)), is denied.

Dated this 5th day of January, 2016

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[1] During verbal discussions on this motion, Dixon's counsel stated he did not intend to argue Dixon's, but further explained the small size will likely become obvious to a jury when employee(s) testify that they both drove and performed maintenance on the truck.